1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2020

SEAN F. McAVOY, CLERK

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| SOCORRO L., | NO: 1:19-CV-3090-FVS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

8

9

10

11

12

13      BEFORE THE COURT are the parties' cross motions for summary

14  judgment. ECF Nos. 9 and 10. This matter was submitted for consideration

15  without oral argument. The plaintiff is represented by Attorney Nicholas D.

16  Jordan. The defendant is represented by Special Assistant United States Attorney

17  Michael Howard. The Court has reviewed the administrative record, the parties'

18  completed briefing, and is fully informed. For the reasons discussed below, the

19  Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 10, and

20  **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 9.

21

## JURISDICTION

Plaintiff Socorro L.[1] protectively filed for disability insurance benefits on July 9, 2015.  Tr. 161-69.  Plaintiff alleged an onset date of December 10, 2014.  Tr. 163.  Benefits were denied initially, Tr. 82-88, and upon reconsideration, Tr. 90-95.  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on March 23, 2018.  Tr. 34-57.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ denied benefits, Tr. 13-33, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 52 years old at the time of the hearing.  Tr. 37.  She completed the sixth grade in Mexico; and she testified that she can read and write Spanish, but not in English.  Tr. 37-38.  At the time of the hearing Plaintiff lived with her kids.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

Tr. 47.  Plaintiff has work history as a produce sorter, saw operator, and home attendant.  Tr. 38-42.

Plaintiff testified that she stopped working as a sorter because she could not stand, and even if she was sitting down she could not work because she has constant back pain.  Tr. 49-50.  She reported that while sitting or standing her legs will "go numb" and she has to hit her legs to get feeling back into them.  Tr. 47-48.  She can only walk for "a little bit over 30 minutes," and she can do household chores for "half an hour, an hour" before he has to sit or lay down.  Tr. 46-48.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

6    404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

7    At step four, the Commissioner considers whether, in view of the claimant's

8    RFC, the claimant is capable of performing work that he or she has performed in

9    the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

10    capable of performing past relevant work, the Commissioner must find that the

11    claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

12    performing such work, the analysis proceeds to step five.

13    At step five, the Commissioner considers whether, in view of the claimant's

14    RFC, the claimant is capable of performing other work in the national economy.

15    20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

16    must also consider vocational factors such as the claimant's age, education and

17    past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of

18    adjusting to other work, the Commissioner must find that the claimant is not

19    disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to

20    other work, analysis concludes with a finding that the claimant is disabled and is

21    therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 10, 2014, the alleged onset date.  Tr. 18.  At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease and obesity.  Tr. 18.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except the follow[ing].  She is able to lift/carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk (with normal breaks) for 4 hours in an eight-hour workday, and sit (with normal breaks) 6 hours in an eight-hour workday. She can frequently stoop, kneel, crouch, and crawl.  She can occasionally balance.  She can occasionally climb ramps and stairs.  She can never climb ladders, ropes, or scaffolds.  She should avoid concentrated exposures to extreme heat and cold. She should not have concentrated exposure to vibrations, and workplace hazards, such as machinery and unprotected heights.

Tr. 19.  At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a sorter.  Tr. 25.  On that basis, the ALJ concluded that Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

has not been under a disability, as defined in the Social Security Act, from December 10, 2014, through the date of the decision. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 9. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;

2. Whether the ALJ properly weighed the medical opinion evidence; and

3. Whether the ALJ erred at step four.

## DISCUSSION

### A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 20.

First, the ALJ found that "[a]lthough [Plaintiff] alleges significant pain and limitations in back and lower extremities, her allegations are out of proportion to the objective findings." Tr. 22. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not

supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857

(9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v.

Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the medical evidence is a

relevant factor in determining the severity of a claimant's pain and its disabling

effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

Here, the ALJ set out, in detail, the medical evidence contradicting

Plaintiff's claims of disabling limitations.  Tr. 22-23.  For example, while March

2017 and October 2017 imaging studies indicate mild to moderate degenerative

changes, they did not show evidence of "fracture, listhesis, or instability with

flexion and extension"; March 2017 nerve conduction studies indicated only mild

evidence of possible right S1 radiculopathy; March 2017 electromyography (EMG)

findings showed no evidence of electrical instability; and 2017 and 2018 testing

showed normal lumbar lordosis and no palpation over spinous processes and

facets.  Tr. 22 (citing Tr. 741, 928-29, 953, 957-58, 961).  In addition, the ALJ

cited examinations after the alleged onset date that noted Plaintiff had antalgic but

balanced gait; normal/steady gait and coordination; normal/near normal range of

motion of the lumbar spine, lower extremities, and hips; full bilateral hip flexors,

quads, hamstrings, dorsiflexion, extensor hallucis, and plantar flexion, intact/full

muscle strength of lower extremities; normal muscle tone and bulk; no pain with

straight leg raising; intact/normal deep tendon reflexes; no signs of edema,

swelling, or deformity; and no sacroiliac joint or calf tenderness.  Tr. 22 (citing Tr.

649, 665, 714-15, 734, 752, 757, 763-64, 770, 786-87, 882, 896, 900, 910, 925, 927, 937-39, 953-54, 957, 961-62).

The ALJ also acknowledged Plaintiff's decreased range of motion in her back and decreased muscle strength to lower extremities in March and August 2017, and reported back pain in September and October 2017; however, at these same examinations Plaintiff was in no acute distress, lumbar alignment was normal, there was no back pressure, she walked on heels normally, and demonstrated full range of motion of all extremities.  Tr. 22-23 (citing Tr. 717-18, 746, 925, 952-54, 956-57, 961).  And in November 2017, as noted by the ALJ, Plaintiff did not report any back or leg pain, and had normal reflexes, tone and bulk, and intact sensation of both lower extremities.  Tr. 23 (citing Tr. 937-38).  Finally, the ALJ noted that Plaintiff's own statements to treating providers throughout the relevant adjudicatory period "also show that her symptoms and limitations are not as severe as alleged."  Tr. 23 (citing Tr. 855 (reporting relief of back pain with medication), 690-91 (independent with daily living and uses cane occasionally), 860 (denies numbness and tingling in lower legs), 925 (denies stiffness, balance problems, and weakness), 920 (medication for back pain working "ok" with no side effects).

Plaintiff generally argues, without citation to the record, that Plaintiff "consistently complained of the same symptomology to all providers."  ECF No. 9 at 8.  In addition, Plaintiff contends that the ALJ's finding is "not supported by the

1  entirety of the record," and in support of this finding, she cites (1) a lumbar spine

2  CT scan from April 2015 that showed moderate disc space narrowing, moderate

3  spinal stenosis with potential impingement of the bilateral transiting L5 nerve root,

4  and potential impingement of the right L4 nerve root, and (2) a single treatment

5  note indicating that Plaintiff reported back pain that radiated down her legs "with

6  associated numbness and tingling in the same distribution."  ECF No. 9 at 8 (citing

7  Tr. 443, 663).  In her reply brief, Plaintiff also notes that she underwent elective

8  surgery in April 2016 to correct compression of the dural sac and nerve roots, and

9  cites MRI results indicating possible nerve impingement, broad based disc bulge at

10  L4-5 resulting in moderate canal stenosis, severe canal stenosis at L5, and

11  descending L5-S1 impingement, with moderate L4-5 neural foraminal narrowing

12  correlating with radiculopathy.  ECF No. 11 at 3-4 (citing Tr. 431, 669, 742).

13       However, regardless of evidence that could be interpreted more favorably to

14  the Plaintiff, it was reasonable for the ALJ to discount Plaintiff's symptom claims

15  as inconsistent with the overall medical record, including consistently benign

16  physical examination findings throughout the relevant adjudicatory.  *Burch v.*

17  *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (ALJ's conclusion must be upheld

18  where evidence is susceptible to more than one rational interpretation).  This lack

19  of corroboration of Plaintiff's claimed limitations by the medical evidence was a

20  clear and convincing reason, supported by substantial evidence, for the ALJ to

21  discount Plaintiff's symptom claims.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

Moreover, even assuming the ALJ erred in this reasoning, any error is harmless because the ALJ offered additional reasons, supported by substantial evidence, to reject Plaintiff's symptom claims. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Plaintiff fails to identify or challenge these reasons in her opening brief; thus, the Court may decline to consider these issues. *See id.* at 1162-63; *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). However, despite Plaintiff's waiver, the Court will briefly review the ALJ's additional findings regarding Plaintiff's symptom claims.

First, the ALJ found "[e]vidence of symptom magnification and pain behavior renders the [Plaintiff's] complaints less convincing." Tr. 24. In her reply brief, Plaintiff generally argues that Defendant "incorrectly asserts that pain behavior is synonymous with malingering," and she further contends, without citation to legal authority or the medical record, that "[e]ven if a provider has indicated that the pain behavior is in excess of what is typically expected for that diagnosis, this does not mean that the patient is malingering." ECF No. 11 at 2. However, the ALJ did not reject Plaintiff's symptom claims because of evidence of malingering; rather, the ALJ noted that "[e]vidence suggestive of exaggeration by [Plaintiff] casts significant doubt on the extent to which [Plaintiff] has actually been limited by symptoms and puts her general veracity into question." Tr. 24. It

is well-settled in the Ninth Circuit that the tendency to exaggerate provides a permissible reason for discounting Plaintiff's reported symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In support of this finding, the ALJ cited multiple treatment notes, including: a physical examination "fraught with inconsistencies and pain behavior"; notes of "significant pain behaviors" that limited Plaintiff's cooperation with testing; observations of a "significant difference between [Plaintiff's] presentation in the exam room and the behavior observed when she was walking to the clinic"; and notes that Plaintiff "displayed notable pain behavior, such as grimacing, walking with an over-exaggerated stooped posture, frequent verbalization, and nonphysiologic responses." Tr. 24 (citing Tr. 551, 561-62, 611, 938, 941). Based on the foregoing, evidence of exaggeration by Plaintiff was a clear and convincing, and largely unchallenged, reason for the ALJ to discount Plaintiff's symptom claims.

Second, the ALJ noted the "record also contains evidence that [Plaintiff] did not follow through her treatment plan," including her failure to take a prescribed medication, and her failure to start physical therapy after being referred in October 2017. Tr. 23 (citing Tr. 913, 950, 958-60). Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for rejecting Plaintiff's symptom claims unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). This

was a clear, convincing, and entirely unchallenged reason for the ALJ to discount

Plaintiff's symptom claims.  *See Kim*, 154 F.3d at 1000 (the Court may not

consider on appeal issues not "specifically and distinctly argued" in the party's

opening brief).

Finally, the ALJ noted that despite alleging ongoing back pain and difficulty

walking, her symptoms "had not prevented her from traveling to Mexico in 2015,"

which would have required her to sit and stand for long periods of time; and

> [a]lthough traveling and disability are not mutually exclusive,
> [Plaintiff's] ability to go to Mexico suggests that her alleged symptom
> and limitations may have been overstated as she was physically able to
> travel long distances.  My determination does not rest solely on her
> ability to travel. Rather, it is one of many factors relied up on regarding
> the consistency of her allegations.

Tr. 24 (citing Tr. 428, 431, 634).

In her reply brief, Plaintiff argued the ALJ "made assumptions about how

[Plaintiff] traveled," and the ALJ "cannot speculate as to what physically

[Plaintiff] did or did not do during this travel."  ECF No. 11 at 4-5.  However, as

noted by Defendant, "the ability to travel may undermine claims of disabling back

pain, even if the Plaintiff has some increased pain during the trip."  ECF No. 10 at

6 (citing *Tommasetti*, 533 F.3d at 1040).  Moreover, even where activities "suggest

some difficulty functioning, they may be grounds for discrediting the [Plaintiff's]

testimony to the extent that they contradict claims of a totally debilitating

impairment."  *Molina*, 674 F.3d at 1113.  Thus, regardless of whether the evidence

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

could be viewed more favorably to Plaintiff, it was reasonable for the ALJ to

consider Plaintiff's ability to travel to Mexico as "one of many factors relied upon

regarding the consistency of her allegations."   Tr. 24; *Molina*, 674 F.3d at 1113

(Plaintiff's activities may be grounds for discrediting Plaintiff's testimony to the

extent that they contradict claims of a totally debilitating impairment); *Burch*, 400

F.3d at 679 ("where evidence is susceptible to more than one rational

interpretation, it is the [Commissioner's] conclusion that must be upheld.").  This

was a clear convincing, and largely unchallenged reason to discredit Plaintiff's

symptom claims.

The Court concludes that the ALJ provided clear and convincing reasons,

supported by substantial evidence, for rejecting Plaintiff's symptom claims.

## B. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's.  *Id.*  If a treating or examining physician's opinion is

uncontradicted, the ALJ may reject it only by offering "clear and convincing

reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005).  Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-31).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

The opinion of an acceptable medical source such as a physician or psychologist is generally given more weight than that of an "other source." *See* SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).  The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111.  However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Here, Plaintiff generally argues that the ALJ "failed to assign weight to all of [Plaintiff's] treating providers without explanation," including Joseph Mason, P.A.,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

Michael Turner, M.D., Matthew Fewel, M.D., and Juan Ruiz Hurtarte, M.D.  ECF No. 9 at 10-11.  However, the records cited by Plaintiff are almost entirely comprised of clinical findings in treatment notes, such as: positive findings of weakness and numbness, treatment notes documenting Plaintiff's recovery from surgery, and MRI results after her surgery was performed.  ECF No. 9 at 10-11.  The only evidence cited by Plaintiff that could arguably be considered a limitation on Plaintiff's ability to work is two notations by a Registered Nurse in 2016 that Plaintiff was not cleared to return to work post-surgery, and Dr. Turner's general statement in 2015 that Plaintiff was "very impaired of present."  Tr. 421, 670, 713.

Plaintiff is correct that the even if the opinion is contradicted by another physician, an ALJ cannot reject a treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence.  ECF No. 9 at 10 (citing *Lester*, 81 F.3d at 830).  However, Plaintiff fails to identify any functional limitations specifically assessed by Mr. Mason, Dr. Turner, Dr. Fewel, or Dr. Hurtarte, that were not properly accounted for in the assessed RFC.  Thus, the Court finds the ALJ did not err in failing to specifically discuss and provide reasons for rejecting the treating "opinions" in this case, because none of the clinical evidence cited by Plaintiff included any assessment of any functional limitations. *See, e.g., Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ did not need to provide 'clear

1  and convincing reasons' for rejecting [the] report because the ALJ did not reject

2  any of [the report's] conclusions"); *see also Kay v. Heckler*, 754 F.2d 1545, 1549

3  (9th Cir. 1985) (the "mere diagnosis of an impairment ... is not sufficient to sustain

4  a finding of disability."). The ALJ properly considered the medical opinion

5  evidence.

6  **C. Step Four**

7      Pursuant to SSA regulations, "[a]t the fourth step, we consider our

8  assessment of your residual functional capacity and your past relevant work. If you

9  can still do your past relevant work, we will find that you are not disabled." 20

10  C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a) (4)(iv). Claimants have the burden at

11  step four to show they are unable to return to their past relevant work. *Pinto v.*

12  *Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ must make

13  specific factual findings to support the conclusion that Plaintiff can perform past

14  relevant work. *Pinto*, 249 F.3d at 845; *see also* SSR 82-62 (1982) at *4, *available*

15  *at* 1982 WL 31386. Here, the ALJ relied on the testimony of the vocational expert

16  ("VE") that Plaintiff could perform her past relevant work as a sorter "because

17  some of the sorter positions are performed seated. Therefore, the demands of the

18  sorter does not exceed the [RFC]. In comparing [Plaintiff's RFC] with the

19  physical and mental demands of this work, [the ALJ found] that [Plaintiff] is able

20  to perform it as generally performed." Tr. 26.

21

1    First, Plaintiff argues that "[w]hile the [VE] opined that the DOT description

2  of the sorter position matched the RFC provided by the ALJ, the [VE] and

3  [Plaintiff] testified that stools were unavailable for her specific past work"; thus,

4  the ALJ erred by relying on testimony that indicates that Plaintiff would "not

5  actually be able to perform her past work."  ECF No. 9 at 12-13.  However, as per

6  Social Security Regulations, "[a] vocational expert or specialist may offer relevant

7  evidence within his or her expertise or knowledge concerning the physical and

8  mental demands of a claimant's past relevant work, either as the claimant actually

9  performed it or as generally performed in the national economy." 20 C.F.R. §

10  404.1560(b).  The vocational expert merely has to find that a claimant can or

11  cannot continue his or her past relevant work as defined by the regulations.  *See*

12  *Villa v. Heckler,* 797 F.2d 794, 798 (1986) ("the claimant has the burden of

13  proving an inability to return to his former type of work and not just to his former

14  job.").  Here, the ALJ relied upon the vocational expert's testimony that a

15  hypothetical individual with Plaintiff's RFC would be capable of performing

16  Plaintiff's past work as it was generally performed, regardless of Plaintiff's

17  testimony of limited availability of stools as her past work was actually performed.

18  Tr. 26, 43-45, 50.  As such, the Court concludes that the ALJ provided specific

19  findings of fact as to the physical and mental demands of Plaintiff's past relevant

20  work as a sorter, and properly concluded, based on the testimony of the VE, that

21

Plaintiff had the residual functional capacity to perform such work as it was generally performed.

Second, Plaintiff argues that the "most glaring error is that the ALJ classified his hypothetical as 'light work' when it best matches the definition of 'sedentary work,' which would have found [Plaintiff] disabled as of her 50th birthday per grid rule 201.14." ECF No. 9 at 13. Here, the ALJ found Plaintiff has the RFC to perform light work "except" she can "stand and/or walk (with normal breaks) for 4 hours in an eight-hour workday, and sit (with normal breaks) 6 hours in an eight-hour workday." Tr. 19. Plaintiff notes that light work, as defined in 20 C.F.R. 404.1567(b), indicates that Plaintiff would be required to stand or work, off and on, for a total of approximately six hours out of an eight hour workday, and thus, "[a]s the standing and walking in the ALJ's hypothetical does not allow for [Plaintiff] to be standing more than 4 hours, the ALJ's RFC should have reflected a sedentary category." ECF No. 9 at 13. However, as noted by Defendant, because Plaintiff's exertional capacity fell in a grey area, the ALJ properly consulted a vocational expert to assess what occupations are available that properly account for her limitations. ECF No. 10 at 11-12 (citing Social Security Ruling 83–12(2), 1983 WL 31253, at *3 (1983)); *see also Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000). Here, the VE testified that the RFC as formulated by the ALJ would allow for the performance of Plaintiff's past work as a sorter, which the VE specifically classified as light work. *See* Tr. 41-44. Thus, the Court finds no error in the ALJ's

reliance on the VE's assessment as to the available occupations that properly

account for Plaintiff's limitations, including her past work as a sorter.

Third, and finally, Plaintiff argues that "[b]ecause the ALJ failed to properly

consider the medical opinion evidence of treating providers and symptom

testimony, the ALJ's RFC assessment does not account for the full extent of

[Plaintiff's] functional limitations and, thus, cannot support the ALJ's disability

determination." ECF No. 9 at 14. However, as discussed in detail above, the

ALJ's rejection of Plaintiff's symptom claims, and his consideration of the medical

opinion evidence, was supported by the record and free of legal error. Thus, the

hypothetical posed to the vocational expert contained the limitations reasonably

identified by the ALJ and supported by substantial evidence in the record. *Bray,*

554 F.3d at 1228 ("[i]f an ALJ's hypothetical does not reflect all of the claimant's

limitations, the expert's testimony has no evidentiary value to support a finding that

the claimant can perform jobs in the national economy."). The ALJ did not err at

step four.

### CONCLUSION

A reviewing court should not substitute its assessment of the evidence for

the ALJ's. *Tackett,* 180 F.3d at 1098. To the contrary, a reviewing court must

defer to an ALJ's assessment as long as it is supported by substantial evidence. 42

U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and

convincing reasons to discount Plaintiff's symptom testimony; properly weighed

the medical opinion evidence; and did not err at step four.  After review, the Court

finds the ALJ's decision is supported by substantial evidence and free of harmful

legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 10**, is

    **GRANTED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

the file.

**DATED** May 19, 2020.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge